**K.P., by her next friends and parents, et al., Appellants**

v.

**DISTRICT OF COLUMBIA, Appellee**

No. 15-7120
September Term, 2016

United States Court of Appeals,
District of Columbia Circuit.

Filed On: March 31, 2017

Charles Anthony Moran, Jr., Attorney, Stevie Nabors, Moran and Associates, Washington, DC, for Plaintiffs-Appellants

Loren L. AliKhan, Deputy Solicitor General, Todd Sunhwae Kim, Solicitor General, Richard Stuart Love, Assistant Attorney General, Karl A. Racine, Office of the Attorney General, District of Columbia, Office of the Solicitor General, Washington, DC, for Defendant-Appellee

Before: Kavanaugh and Pillard, Circuit Judges, and Sentelle, Senior Circuit Judge.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **REVERSED** and the case be **REMANDED** to the District Court for further proceedings.

K.P. is a student in a Washington, D.C., public high school. K.P. is autistic. In October 2014, K.P.'s school district reassigned her to new special education classrooms within her high school. K.P.'s parents objected to the change in K.P.'s classroom assignment. They sued D.C. under the Individuals with Disabilities Education Act, alleging among other things that K.P. is entitled to a private school placement instead of her new public school placement.

The merits of that suit are still pending in the District Court. In the meantime, K.P.'s parents sought a preliminary injunction under the stay-put provision of the IDEA. 20 U.S.C. § 1415(j). For the duration of the trial court litigation, the parents

wanted to keep K.P. in the special education classroom assignment that she had before the October 2014 change in special education classrooms. The District Court denied the preliminary injunction. We reverse and remand the case to the District Court.

The stay-put provision of the IDEA provides: "[D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child." *Id.* Under the stay-put provision, when a parent challenges a school district's decision to move (or not to move) a child to a new educational placement, the school district must keep the child in the "then-current educational placement" until the end of the proceedings, unless the parents and the school district agree otherwise.

The facts of this case are highly unusual. The "individualized education program," known as an IEP, is usually the most important consideration in determining a child's "then-current educational placement" for purposes of the stay-put provision. *See, e.g., N.E. by and through C.E. & P.E. v. Seattle School District,* 842 F.3d 1093, 1096 (9th Cir. 2016); *Drinker by Drinker v. Colonial School District,* 78 F.3d 859, 867 (3d Cir. 1996). The IEP is the program jointly designed by the school district, parents, and experts to provide a "free appropriate public education" to a child with disabilities. 20 U.S.C. §§ 1400(d)(1)(A), 1414(d)(1)(B); *see Endrew F. by and through Joseph F. v. Douglas County School District RE-1,* —— U.S. ——, 137 S.Ct. 988, 991, 197 L.Ed.2d 335 (2017). Here, however, an administrative hearing officer in the District of Columbia already determined that the IEP that was in place for K.P. at the time the dispute arose is not valid. For unknown reasons, the IEP failed to document what the IEP team had agreed on: "a small classroom setting, with minimal transitions and minimal interaction with non-disabled students, and placement with students with similar or compatible disabilities." Hearing Officer Determination, App. 10. For stay-put purposes, it is as if K.P. did not have a valid IEP in place when she was reassigned in October 2014 to new special education classrooms.

In this unusual situation, we must look to the record to determine what K.P.'s "then-current educational placement" was. Before she was reassigned to new special education classrooms, K.P. received all of her core instruction in a single classroom with about five other permanently assigned students, all but one of whom also were autistic. In October 2014, K.P. was moved into different classrooms with many more students, including students who had a variety of disabilities other than autism. After the change, K.P.'s "behavior deteriorated," and the change affected her ability to make educational progress, according to the administrative hearing officer. *Id.* at 6-7. The school district did not keep K.P. in the "then-current educational placement," as required by the stay-put provision. K.P. is entitled to a preliminary injunction under the stay-put provision.

We doubt that our ruling here will mean very much as a practical matter. Under this Court's case law, a preliminary injunction issued under the stay-put provision lasts only until the trial court has resolved the case on the merits. *See Andersen by Andersen v. District of Columbia,* 877 F.2d 1018, 1023-24 (D.C. Cir. 1989). The District Court should resolve the merits of this case very soon. The stay-put issue is therefore especially temporary in this instance. But in the interim, K.P. is temporarily entitled to the placement she had before October 2014.

**12**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).